<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LYMAN S. HOPKINS,  : |  |
| : | Civil Action No. 03-5418 (JAG) |
| PLAINTIFF, : |  |
| : |  |
| v.  : | **OPINION** |
| : |  |
| ELIZABETH BOARD OF EDUCATION  : |  |
| and ESSEX COUNTY VOCATIONAL  : |  |
| SCHOOLS, : |  |
| : |  |
| DEFENDANTS.  : |  |
| : |  |

Defendant Elizabeth Board of Education ("Defendant") seeks a grant of a motion for summary judgment.[1]  For the reasons explained below, this Court grants Defendant's motion.

**BACKGROUND**

Plaintiff, Lyman S. Hopkins ("Plaintiff"), a black man, is a former employee of Defendant Elizabeth Board of Education.  (Statement of Undisputed Material Facts, at ¶ 8.) While employed by Defendant, Plaintiff resided in Lodi, New Jersey.  (Def.'s Mot. for Summ. J., Deposition of Lyman S. Hopkins, Ex. B., at 31, l.10.)  Plaintiff was a middle school Spanish teacher at Hamilton Middle School.  (Def.'s Mot. for Summ. J., Ex. A.)  Plaintiff's one year contract with Defendant began in September 2000 and expired in June 2001.  (Id.)  Plaintiff's employment officially ended in June 2001 when Defendant failed to renew his contract.

---

[1] The Essex County Vocational Schools was granted summary judgment by order dated July 29, 2004.  (Statement of Undisputed Material Facts, at ¶ 2.)

1

(Statement of Undisputed Material Facts, at ¶ 9.)  In October 2001, Plaintiff relocated to Claymont, Delaware.  (Def.'s Mot. for Summ. J., Deposition of Lyman S. Hopkins, Ex. B., at 31, l.12.)  Plaintiff was unemployed during the 2001-2002 academic year.  (Def.'s Mot. for Summ. J., Deposition of Lyman S. Hopkins, Ex. B., at 30, l.6.)  He began collecting unemployment in December of 2001.  (Def.'s Mot. for Summ. J., Deposition of Lyman S. Hopkins, Ex. B., at 31, ll. 2-5.)  In June of 2002, while he resided in Delaware, Plaintiff began the process required to obtain his teacher's certification in the State of Connecticut (Def.'s Mot. for Summ. J., Ex. A.)  The application process required Plaintiff to obtain a completed "Statement of Successful Professional Experience" from his former employers.  Plaintiff mailed the appropriate form to his former employers, including Defendant, in early July 2002.  (Def.'s Mot. for Summ. J., Ex. A.)

On August 16, 2002, the Connecticut Department of Education reminded Plaintiff of the impending deadline and the fact that they still had not received the necessary forms from the following former employers: Defendant, Newark School District, and Willingboro School District in New Jersey and Wilmington School District and Newark School District in Delaware.  (Statement of Undisputed Material Facts, at ¶ 17.)  On August 20, 2002, Plaintiff mailed an additional set of forms to his former employers including Defendant.  (Def.'s Mot. for Summ. J., Ex. A.)

On September 13, 2002, Plaintiff began to contact Defendant by phone in order to verify the status of the requested forms.  (Id.)  As of October 18, 2002, all of Plaintiff's former employers, save Defendant, had submitted the required forms.  (Statement of Undisputed Material Facts, at ¶ 20.)  Plaintiff continued to contact Defendant and request that Defendant send the forms to the appropriate recipient for approximately two weeks.  (Statement of

2

Undisputed Material Facts, at ¶ 22.)  On November 4, 2002, the Connecticut Department of Education forwarded a letter to Plaintiff advising him that only a submission fee was outstanding on his application.  (Id.)  Plaintiff received his certification in May of 2003.  (Def.'s Mot. for Summ. J., Ex. A.)

Plaintiff alleges that he was the sole black male Spanish teacher at Elizabeth School. (Def.'s Mot. for Summ. J., Ex. A.)  Plaintiff alleges that Defendant, in violation of Title VII of the Civil Rights Act of 1964, was intentionally dilatory in processing his papers because he is a black male.  (Id.)  The alleged discriminatory conduct took place following Plaintiff's employment term and lasted from August 15, 2002 to March 27, 2003.  (Statement of Undisputed Material Facts, at ¶ 6.)  Plaintiff further alleges that Defendant's conduct was responsible for his inability to secure employment in Connecticut.  (Def.'s Mot. for Summ. J., Ex. A.)

**LEGAL STANDARD**

**1. <u>Summary Judgment</u>**

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  <u>See</u> <u>Abramson v. William Patterson Coll. of N.J.</u>, 260 F.3d 265, 276 (3d Cir. 2001).

Federal Rule of Civil Procedure 56(c) provides in relevant part:

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

3

A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  See Anderson, 477 U.S. at 248.  The moving party "cannot simply reallege factually unsupported allegations contained in his pleadings."  Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994).  The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.  See Celotex v. Catrett, 477 U.S. 317, 318 (1986); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81 (3d Cir. 1999).  Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

    The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.  See Sound Ship Bldg. Co. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976).  At summary judgment, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  See Wahl v. Rexnord Inc., 624 F.2d 1169, 1181 (3d Cir. 1980); Boyle v. Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998).  The court must award summary judgment on all claims unless the non-moving party shows through affidavits or

admissible evidence that an issue of material fact remains.  See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

**2.  Title VII**

    **a.  Allegations of Discrimination Based on Race and Sex**

Title VII provides in relevant part:

It shall be an unlawful employment practice for an employer–
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

To establish a prima facie case of discrimination under Title VII a plaintiff must demonstrate that: (1) the plaintiff belongs to a protected class;  (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. Sarullo v. U.S. Postal Service, 352 F.3d 789 (3d Cir. 2003), McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 348 n.1, 352, 356 (3d Cir. 1999).

In McDonnell Douglas, 411 U.S. 792 (1973), the Supreme Court of the United States established a burden shifting method of proof to be utilized in the analysis of Title VII discrimination cases.  Under Title VII, it is "an unlawful employment practice for an employer to

discriminate against any of his employees or applicants for employment . . . because he has

opposed any practice made an unlawful employment practice by this subchapter, or because he

has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).

### b.  Retaliation

To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (i) the

plaintiff engaged in protected activity; (ii) the defendant took an adverse employment action

against the plaintiff; and (iii) a causal link exists between the protected activity and the adverse

action.  See Kachmar v. SunGard Data Sys. Inc., 109 F.3d 173, 177 (3d Cir. 1997).

If the plaintiff establishes a prima facie case, the burden shifts to the employer defendant

to articulate a legitimate, non-discriminatory reason for the adverse employment action.

McDonnell Douglas, 411 U.S. at 802.  The defendant need not prove that its proffered reason

actually motivated the behavior, because throughout the burden shifting model, the burden of

proving intentional discrimination remains with the plaintiff employee.  Martinez v. National

Broad. Co., 877 F. Supp. 219, 228 (D.N.J. 1994).  The defendant has no burden to prove good

cause or failure, but need only "introduce evidence to create a factual issue concerning the

existence of a legitimate justification for the action."  McKenna v. Pac. Rail Serv., 817 F. Supp.

498, 512 (D.N.J. 1993).  Once the defendant employer sets out a legitimate, non-discriminatory

reason for the adverse employment action, the burden of persuasion shifts back to the plaintiff

employee to show that the defendant's proffered reason is merely a pretext for discrimination.

McDonnell Douglas, 411 U.S. at 804.  "The plaintiff must prove, by a preponderance of the

evidence, that the employer's proffered reason was merely a pretext or cover-up for . . .

discrimination." <u>McKenna</u>, 817 F. Supp at 512.

### 3.  <u>NJLAD</u>

#### a.  Allegations of Discrimination Based on Race and Sex

N.J. STAT. ANN. 10:5-12(a) provides in pertinent part:

> It shall be [an] unlawful employment practice, or, as the case may be, an unlawful discrimination. . . [f]or an employer, because of the race. . . [or] sex...of any individual,. . . to refuse to hire or employ or to bar or to discharge or require to retire, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

The New Jersey state statute parallels the requirements for setting forth a race or sex discrimination claim under Title VII.

#### b.  Retaliation

N.J. STAT. ANN. 10:5-12 (d) provides in pertinent part:

> It shall be unlawful employment practice, or, as the case may be, an unlawful discrimination. . .for any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

The New Jersey state statute parallels the requirements for setting forth a retaliation discrimination claim Under Title VII.

**DISCUSSION**

Plaintiff is a pro se litigant.  Plaintiff's complaint seemingly states two causes of action. First, Plaintiff alleges Defendant unlawfully discriminated against him during the course of his employment because he is a black man.  (Def.'s Mot. for Summ. J., Ex. A.)  Second, Plaintiff alleges Defendant retaliated against him when Defendant failed to process the paperwork Plaintiff had submitted to Defendant to obtain his teacher certification in the state of Connecticut.[2]  (Def.'s Mot. for Summ. J., Ex. A.)  This Court has carefully examined the evidence in the record, and has drawn all inferences in favor of Plaintiff, as this Court must do when resolving a motion for summary judgment.  Based on this analysis, this Court finds that Plaintiff's allegations fail to state a claim of employment discrimination for which Plaintiff could obtain relief under Title VII of the Civil Rights Act or the NJLAD.  As a result, this Court grants Defendant's summary judgment motion.

**I.   Race And Sex Discrimination In Employment Context**

   **a.   Plaintiff Does Not Establish A Prima Facie Race or Sex Discrimination Claim Under Title VII**

Title VII sets forth a rigorous standard for any person seeking to allege race-based discrimination in the employment setting.  See McDonnell Douglas, 411 U.S. at 802.  The standard for bringing a lawsuit under Title VII has been clarified by the Supreme Court's jurisprudence.  See id.  To establish a prima facie case of discrimination under Title VII a plaintiff must demonstrate that: (1) the plaintiff belongs to a protected class; (2) he was qualified

---

   [2] Plaintiff's complaint does not clearly articulate his causes of action. This Court surmises these to be his allegations based on the language in the complaint.

for the position; (3) he was subject to an adverse employment action despite being qualified; (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.  McDonnell Douglas, 411 U.S. at 802; Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 348 n.1, 352, 356 (3d Cir. 1999).  Furthermore, as a prerequisite to filing a Title VII claim, a plaintiff must state in the EEOC charge the allegations he is raising against his employer.  See Hornsby v. U.S. Postal Service, 787 F.2d 87 (3d Cir. 1986).  The failure to plead an allegation of discrimination in the EEOC charge is fatal to a claim of discrimination.  Id.  A plaintiff may not raise allegations of discrimination not set forth in the EEOC charge.  Id.

Plaintiff alleges that during the course of his employment, he was unlawfully discriminated against in violation of Title VII based on his race and sex.  (Def.'s Mot. for Summ. J., Ex. A.)  Specifically, Plaintiff alleges he was "victimized by policies and practices while contracted as a Spanish teacher" by Defendant.  (Id.)  Plaintiff acknowledges that he was terminated based on the expiration of the one-year contract.  Puzzlingly, Plaintiff does not allege that the refusal to renew the contract was motivated by race or sex discrimination or that he even applied to have the contract renewed.  (Id.)  Indeed, Plaintiff did not include these types of allegations in his EEOC charge.  (Id.)

The purpose of the EEOC charge is to give Defendant notice of the allegations of discrimination Plaintiff alleges.  The 180 day filing requirement applicable to the EEOC charge functions as a statute of limitations barring Plaintiff from alleging discriminatory acts not claimed in the charge.  Here, Plaintiff's EEOC charge fails to assert any alleged discrimination during the course of his employment.  In the absence of specific allegations of discrimination

Plaintiff's claim cannot be maintained.  Defendant's motion for summary judgment as to these allegations is granted.

### b. Plaintiff Does Not Establish A Prima Facie Race or Sex Discrimination Claim Under The NJLAD

Plaintiff does not establish a prima facie case of race or sex discrimination under the NJLAD.  An analysis of an employment discrimination claim under the NJLAD parallels the analysis conducted under Title VII.  See Goldman v. London Metals Exchange, Inc., 86 N.J. 19, 1981 ("Because of the express policy underlying the statute and the difficulty in proving an individual's intent or motive, we chose in Peper v. Princeton University Board of Trustees, 77 N.J. 55, 81-84 (1978), to adopt the methodology of McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), and 'commend(ed) the McDonnell Douglas standards to our trial courts as a starting point in actions brought under the Law Against Discrimination.'").

The Supreme Court of New Jersey's adoption of the McDonnell Douglas rubric requires the application of the same analysis applied above for the NJLAD claim.  The ultimate result must also be the same - - summary judgment in favor of Defendant.

## II. Retaliation

### a. Plaintiff Does Not Establish A Prima Facie Retaliation Claim Under Title VII

Plaintiff alleges that Defendant was intentionally dilatory, in violation of Title VII, in processing the paperwork required for Plaintiff to obtain his teacher's certification in the State of Connecticut.  Plaintiff argues Defendant retaliated against him by purposefully delaying the release of needed paperwork because he is a black male and because he was involved in a lawsuit in which the Elizabeth Board of Education was a defendant.  (Def.'s Mot. for Summ. J., Ex. A.)

This litigation occurred during the time Plaintiff was employed by Defendant.  (Id.)

To state a claim for retaliation under Title VII, Plaintiff must demonstrate that (i) the plaintiff engaged in protected activity; (ii) the defendant took adverse employment action against the plaintiff; and (iii) a causal link exists between the protected activity and the adverse action. See Kachmar v. SunGard Data Sys. Inc., 109 F.3d 173, 177 (3d Cir. 1997).

Plaintiff's claims of  Defendant's retaliatory behavior fail to state a claim under Title VII. Even if this Court concluded that Plaintiff satisfies the first element of the standard, i.e., Plaintiff engaged in protected activity when he participated in the lawsuit while employed with Defendant[3] or that he is a member of a protected class,  Plaintiff does not satisfy the second element.  Plaintiff cannot demonstrate that Defendant, in its role as employer, took an adverse employment action against Plaintiff.  The chronology alleged does not state that Plaintiff engaged in protected activity and then suffered from an adverse employment action.  (Def.'s Mot. for Summ. J., Ex. A.)  In fact, Plaintiff was no longer employed by Defendant at the time Defendant allegedly was dilatory in processing Plaintiff's paperwork.  Moreover, Plaintiff had left Defendant's employ voluntarily at the expiration of his contract.  (Pl's Ltr. Reply to Def.'s Mot. for Summ. J., at ¶ 4) Plaintiff does not allege that his termination occurred in retaliation for his participation in a lawsuit.

Although in Robinson v. Shell Oil Company, 519 U.S. 337 (1997),  the Supreme Court

---

[3] It is not possible to determine from the EEOC Charge if Plaintiff was also the plaintiff in the suit or if Defendant was a defendant in the previous lawsuit. Paragraph 2 of Plaintiff's Response to Defendant's motion for summary judgment seems to suggest that Plaintiff was the defendant in the prior lawsuit.  (Pl.'s Br. Opp'n Def.'s Mot. for Summ. J., ¶ 2)("including Plaintiff [sic] involvement as a defendant versus the State of New Jersey for a school-related matter").

held that the term "employee" in Section 704(a) includes current and former employees, the discrimination alleged here is not in the context of Plaintiff's employment or termination.[4]  The allegation of discrimination here arises from a request Plaintiff made one year after his separation from the employ of Defendant.   Plaintiff's claims fall outside the ambit of Title VII because of the change in the nature of  Plaintiff and Defendant's relationship (no longer employer/employee) and because of the significant passage of time between Plaintiff's separation from the employ of Defendant.

Furthermore, Plaintiff would also fail to satisfy the third prong.  Plaintiff has not presented any evidence of a causal link between his race or participation in the lawsuit and Defendant's alleged delay in forwarding the papers necessary for Plaintiff's teacher certification.

This Court finds Plaintiff fails to establish a prima facie claim for retaliation under Title VII.  This Court grants Defendant's motion for summary judgment on Plaintiff's allegations of retaliation under Title VII.

**b. Plaintiff Does Not Establish A Prima Facie Retaliation Claim Under the NJLAD**

Plaintiff does not establish a prima facie case of retaliation under the NJLAD.  An analysis of a retaliation claim under the NJLAD parallels the analysis conducted under Title VII.

---

[4] While the Robinson Court indicated that former employees are certainly included in the definition of "employees" in Section 704(a), it should be noted that the Court's holding is narrow. "Insofar as § 704(a) expressly protects employees from retaliation for filing a 'charge' under Title VII, and a charge under § 703(a) alleging unlawful discharge would necessarily be brought by a former employee, it is far more consistent to include former employees within the scope of 'employees' protected by § 704(a)."  Robinson v. Shell Oil Company, 519 U.S. 337 (1997). The Court expressly explains that its opinion pertains to a situation in which a party alleges retaliatory discharge by an employer because the employee filed a Title VII charge against the employer. While the Robinson Court's holding may have broader implications, this Court declines Plaintiff's invitation to expand the Robinson Court's holding to reach the facts on the record currently before this Court.

Plaintiff's claim cannot survive a Title VII challenge and likewise cannot survive a NJLAD challenge as well. Defendant's summary judgment motion must be granted.

## CONCLUSION

Plaintiff's failure to establish its prima facie case on either claim requires this Court to determine that there are no genuine issues of material fact and therefore, Defendant must prevail given the analysis set forth above as a matter of law.  Defendant's motion for summary judgment is granted in all respects.


          S/Joseph A. Greenaway, Jr.
          JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date:   8/4/2005

13